Ronald HARDEN, a/k/a Bilal Muhammed *v.* STATE of Arkansas

CR 89-240                                              787 S.W.2d 693

Supreme Court of Arkansas
Opinion delivered April 30, 1990
[Rehearing denied May 29, 1990.]

*The Haskins Law Firm*, by: *Wayne Juneau*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. This is an appeal from the trial court's denial of post-conviction relief under the provisions of Arkansas Rules of Criminal Procedure Rule 37. We find that the appeal is without merit, and we therefore affirm.

The appellant, Ronald Harden, a/k/a Bilal Muhammed, was convicted of second-degree battery and sentenced to six years in the Department of Correction as an habitual offender. He petitioned this court for post-conviction relief, and we granted his request, directing that an evidentiary hearing be held to determine whether the appellant was represented by counsel in a Missouri conviction that had been used for the purpose of enhancement of sentence.

The appellant raises a single issue on appeal, contending that the trial court erred in finding that the appellant was represented by counsel in the Missouri conviction. The true issue, however, is whether the trial court erred in admitting the Missouri records as the court's exhibit over the appellant's objection.

At the evidentiary hearing, the trial court was informed that both parties had ordered from Missouri the documentation concerning the appellant's prior conviction. Counsel for the appellant had previously advised the prosecutor that the documentation had been received. However, the state had not received its copy of the records at the time of the hearing. These facts were related to the trial court. The court then requested that the appellant's attorney produce his copy of the documentation. The court then reviewed the materials and determined that they consisted of duly certified and authenticated copies of records of the Circuit Court of St. Louis, Missouri, Division Sixteen, and that they reflected that the appellant had been represented by an attorney in those proceedings. The trial court then introduced the record as the court's exhibit over the objections of the appellant.

The appellant argues that the state failed to meet its burden of proof and, further, that the trial court violated the appellant's due process rights in using the evidence produced by the appellant as an exhibit. We do not agree.

The hearing was an evidentiary hearing before the court; the evidence at issue was a public document available to any party requesting it; the state had, in fact, ordered the documentation and would have received it in due course. Under these circumstances, we hold that the trial court was justified in requesting the official documentation from the appellant. The alternative would have been to continue the hearing, as requested by the appellee, until the appellee received an identical copy of the records.

We have found no controlling precedent on the issue presented here, and the cases cited by the appellant are not dispositive of the issue.

We hold that the trial court was justified, in the interest of judicial economy, in securing from the appellant the official documentation and in designating the copies of the Missouri record the court's exhibit rather than continuing the hearing until the appellee received an identical copy. The court's action was not prejudicial to the appellant in any degree.

Affirmed.